UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DESMOND TAYLOR, | No. C-14-0696 EMC (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| U.S. HIGHEST STATE COURTS, | |
| Defendants. | |

Keith Desmond Taylor, an inmate at San Quentin State Prison has filed this civil rights action under 42 U.S.C. § 1983 to complain that smoking is not allowed in prison. The complaint is now before the Court for review under 28 U.S.C. § 1915A, which requires the court to engage in a preliminary screening of prisoner complaints to identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges in his complaint that it is "unconstitutional" to punish persons who choose to smoke tobacco by not allowing tobacco to be sold in prison. ECF No. 1 at 3. (Plaintiff, who has been on death row almost two decades, *see Taylor v. Smith*, C 13-4550 EMC, does not explain why he waited so long to challenge the longtime ban on tobacco in California prisons. *See* Cal. Penal Code § 5030.1 (operative on July 1, 2005); Cal. Code Regs. § 3006(c)(18).)

Plaintiff's complaint fails to state a claim upon which relief may be granted. There simply is no constitutional right to smoke and it follows that prison officials do not violate the constitution by imposing a ban on tobacco smoking. *See Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998) (ban on smoking did not violate inmate's right to equal protection because smoking is not a fundamental right and prison officials had a "legitimate objective of protecting the health and safety of inmates and staff by providing a clean air environment"); *LaFaele v. Schwarzenegger*, 369 Fed. App'x 862 (9th Cir. 2010) (district court properly dismissed claims that prison system's ban on smoking violated inmate's rights under Eighth Amendment, Due Process Clause and Equal Protection Clause); *Thiel v. Nelson*, 422 F.Supp.2d 1024, 1029 (W. D. Wisc. 2006) (listing "an avalanche of cases in which federal courts have rejected constitutional challenges to smoking restrictions in prisons"). Even giving the *pro se* complaint the liberal construction to which it is entitled, *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), a claim is not stated under § 1983 because the ban on tobacco and smoking did not violate any of plaintiff's constitutional rights. In light of the determination that there was no constitutional violation, the court need not reach the issues of the apparent untimeliness of the complaint or the improper defendant.

For the foregoing reasons, this action is dismissed for failure to state a claim upon which relief may be granted. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: September 4, 2014

_____
EDWARD M. CHEN
United States District Judge

2